SCOTT + SCOTT LLC
ARTHUR L. SHINGLER III (181719)
600 B Street, Suite 1500
San Diego, CA  92101
Tel.: 619 233-4565
Fax: 619 233-0508

SCOTT + SCOTT LLC
DAVID R. SCOTT
108 Norwich Avenue
PO Box 192
Colchester, CT  06415
Tel: 860-537-5537
Fax: 860-537-4432

SCOTT + SCOTT LLC
GEOFFREY M. JOHNSON
33 River Street
Chagrin Falls, OH  44022
Tel: 440 247-8200
Fax: 440-247-8275
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED HACKER, | Civil Case No. |
| Plaintiff, | |
| vs. | **VERIFIED DERIVATIVE COMPLAINT** |
| DAVID PETERSCHMIDT; DONALD LISTWIN; JOSHUA PACE; STEVEN PETERS; AL SNYDER; SIMON WILKINSON; KENNETH DENMAN; BO HEDFORS; GERALD HELD; MASOOD JABBAR; BERNARD PUCKETT, | **FOR BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT AND RECISSION** |
| Defendants, | |
| -and- | **DEMAND FOR JURY TRIAL** |
| OPENWAVE SYSTEMS, INC., | |
| Nominal Defendant. | |

## NATURE OF ACTION

1.     Plaintiff MANFRED HACKER, by his undersigned attorneys, submits this Verified Derivative Complaint.  This is a shareholders' derivative action brought in the name of and for the benefit of nominal defendant Openwave Systems, Inc. ("OPENWAVE" or the "Corporation") against certain current and former executive officers and members of the Board of Directors of Openwave.  The action arises from defendants' obtaining, approving, and/or acquiescing in the issuance of stock options to senior executives that were unlawfully backdated to provide the recipients with windfall compensation at the direct expense of OPENWAVE.

2.     On May 22, 2006, OPENWAVE announced that it had received a request for information from the SEC, relating to the Corporation's granting of stock options.  This announcement came on the heels of an in-depth report into option granting practices that appeared in *The Wall Street Journal*.  This report revealed that top executives at numerous high-tech companies were backdating their options in violation of the Companies' own option granting practices.  Backdating occurs when executives backdate their options to an earlier, more advantageous price – rather than paying the market price for the option on the day it is issued.  Arthur Levitt, former head of the SEC, has stated that backdating "represents the ultimate in greed.  It is stealing, in effect.  It is ripping off shareholders in an unconscionable way."

3.     Backdating stock option grants to obtain beneficial exercise prices is akin to picking lottery numbers on the day after the winning numbers are reported in the news.  It is a reckless and unlawful exercise that unjustly appropriates corporation assets and benefits.  Accordingly, all of the now unexercised options should be immediately cancelled and all of the financial gains to the recipients who exercised such options should be returned to the Corporation.  Further, the Corporation's directors who administered and determined to grant

these options utterly failed to fulfill their fiduciary duties to the Corporation and they, too, are accountable for that failure.

4.     Backdating is the only conceivable explanation for the remarkable pattern of options grants to OPENWAVE executives during the relevant period.  Indeed, the results of a statistical analysis of the grants to top executives recently published in *The Wall Street Journal* concluded that the chances of these grants actually occurring as claimed were astronomically low.

5.     This action, on behalf of the Corporation, seeks to remedy the harms caused to OPENWAVE by the backdating scheme and, in addition, to invalidate and nullify all executory options contracts issued pursuant to the scheme.  By means of the backdating scheme, defendants caused the issuance of options bearing fraudulently low exercise prices to OPENWAVE's top executives.  Defendants also breached their duties as fiduciaries of the Corporation.  Defendants owed OPENWAVE duties of care, undivided loyalty, good faith, and truthful disclosure.  The Officer Defendants and the Non-Management Director Defendants (both defined below) breached these duties by obtaining, approving, and/or acquiescing in the issuance of backdated stock options to OPENWAVE executives.  The Officer Defendants were unjustly enriched by virtue of receiving fraudulently priced stock option grants.  The Non-Management Director Defendants – and in particular the members of the Compensation and Human Resources Committee (the "Compensation Committee") – by authorizing, approving and/or acquiescing in the issuance of backdated stock options to the Officer Defendants, aided and abetted the Officer Defendants' breach of fiduciary duty, and in particular the Officer Defendants' duties of undivided loyalty to the Corporation.

## PARTIES

6.     Plaintiff MANFRED HACKER currently owns OPENWAVE common stock.

2

7.      Nominal Defendant OPENWAVE is a Delaware corporation with its principal executive offices and place of business located in Redwood City, California.  It is a leading independent provider of open standards software products and services for the telecom industry.

8.      Defendant David Peterschmidt ("Peterschmidt") is the Chief Executive Officer of OPENWAVE and is Chairman of its Board of Directors.  As an executive and a member of the Board of Directors, he authorized, approved and received the backdated stock options grants at issue in this case.

9.      Defendant Donald Listwin ("Listwin") serves as OPENWAVE'S President and is a Director.  As an executive and a member of the Board of Directors, he authorized, approved and received the backdated stock options grants at issue in this case.

10.     Defendant Joshua Pace ("Pace") serves as the Chief Financial Officer at OPENWAVE.  As alleged herein, he received the backdated stock option grants at issue in this case.

11.     Defendant Steven Peters ("Peters") serves as a Vice President and the General Counsel at OPENWAVE.  As alleged herein, he received the backdated stock option grants at issue in this case.

12.     Defendant Al Snyder ("Snyder") serves as Executive Vice-President and Chief Operating Officer at OPENWAVE.  As alleged herein, he received the backdated stock option grants at issue in this case.

13.     Defendant Simon Wilkinson ("Wilkinson") serves as a Senior Vice-President at OPENWAVE.  As alleged herein, he received the backdated stock option grants at issue in this case.

14.     Defendants Peterschmidt, Listwin, Pace, Peters, Snyder and Wilkinson are referred to collectively in this Complaint as the "Officer Defendants."

15. Defendant Kenneth D. Denman ("Denman") is a Director of OPENWAVE. He also served on OPENWAVE's Audit and Compensation Committees. As a member of the Board of Directors and as a member of the Compensation Committee, he authorized and approved the backdated stock option grants at issue in this case. As a member of the Audit Committee, he also approved the Corporation's false financial disclosures, as alleged herein.

16. Defendant Bo C. Hedfors ("Hedfors") is a Director of OPENWAVE. He also served on OPENWAVE's Compensation Committee. As a member of the Board of Directors and as a member of the Compensation Committee, he authorized and approved the backdated stock option grants at issue in this case.

17. Defendant Gerald Held is a Director of OPENWAVE. As a member of the Board of Directors, he authorized and approved the backdated stock option grants at issue in this case.

18. Defendant Masood Jabbar ("Jabbar") is a Director of OPENWAVE. He also served on OPENWAVE's Audit Committee. As a member of the Board of Directors, he authorized and approved the backdated stock option grants at issue in this case. As a member of the Audit Committee, he also approved the Corporation's false financial disclosures, as alleged herein.

19. Defendant Bernard Puckett ("Puckett") is a Director of OPENWAVE. He also served on OPENWAVE's Compensation and Audit Committees. As a member of the Board of Directors and as a member of the Compensation Committee, he authorized and approved the backdated stock option grants at issue in this case. As a member of the Audit Committee, he also approved the Corporation's false financial disclosures, as alleged herein.

20. Defendants Denman, Hedfors, Held, Jabbar and Puckett are referred to collectively in this Complaint as the "Non-Management Director Defendants."

4

21.     The Officer Defendants and the Non-Management Director Defendants are referred to collectively herein as the "Individual Defendants."

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action under 28 U.S.C. § 1332, because Plaintiff is a resident of the State of Florida and the amount in controversy exceeds $75,000.

23.     Venue is proper in this District because nominal defendant OPENWAVE is headquartered in this District and thus a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, occurred in this District.   One or more of the defendants either resides in or maintains executive offices in this District.

## FACTUAL ALLEGATIONS

24.     The Officer Defendants purportedly received grants of stock options from the Corporation on unusually favorable dates over the past several years.   These stock options were claimed to have been granted at or near the stock's annual low, or immediately after a substantial dip in the stock price followed by a substantial run-up.   Analysis of this seemingly fortuitous pattern of stock option grants reveals that the pattern could not have resulted innocently.   Rather, the only possible explanation is that these stock option grants were, in fact, *backdated* to allow the options' recipients to enjoy the largest possible returns at the expense of the Corporation.

25.     A stock option is a right to purchase a particular stock at a fixed price, called the "exercise" or "strike" price.   When the stock's market price exceeds the strike price, the option holder may purchase the stock at the exercise price and resell it at the higher market price, pocketing the difference.   The lower the strike price of the option, the larger the sum obtained when the option is exercised.

26.     At all relevant times, stock option grants to the Officer Defendants were required to carry a strike price not less than the publicly traded closing price of the stock on the date of grant. All executive compensation stock options to the Officer Defendants during the relevant period were issued pursuant to the OPENWAVE Stock Option Plan.

27.     It is now evident that the Individual Defendants did not comply with the requirement that stock options granted to the Officer Defendants be priced on the date of grant or issuance. The multi-year pattern of stock option grants on dates with highly favorable exercise prices – invariably at historic stock price lows or right before a large stock price run-up – indicates that the purported grant dates of the stock options were not the actual dates on which the option grants were made. Rather, the pattern indicates that grants to executives were repeatedly backdated to dates with exceedingly low stock prices.

28.     Statistical analysis conducted by *The Wall Street Journal* demonstrates that it is virtually impossible that the pattern of these grants occurred randomly. In its analysis, *The Wall Street Journal* concluded that the odds of the pattern of grants received by these defendants occurring by chance were in the millions. Only by backdating the stock option grants – reviewing the share price in hindsight and retrospectively identifying the low points – could the Individual Defendants have achieved this highly suspicious pattern of grants. The practice is the equivalent of placing a wager on a horse race after the race has already been won and the identity of the winning horse is known to all.

29.     The backdating of stock option grants and the issuance of these options in the amounts awarded to the Officer Defendants caused, and continues to cause, substantial harm to the Corporation. Backdating stock option grants represents a direct and continuing waste of valuable corporate assets. OPENWAVE is the counterparty to the option contracts with its executives, and the proceeds obtained, and yet to be obtained, by these executives through

exercising their backdated stock options are therefore siphoned, on a dollar for dollar basis, directly from OPENWAVE.  In effect, the backdated grants gave the Officer Defendants an option to purchase OPENWAVE shares directly from the Corporation at an unfair and improperly low price, with the Corporation making up the difference.

30.    The practice of backdating stock options also substantially harmed, and continues to harm, OPENWAVE by virtue of the fact that the practice is unlawful, deceitful, and caused the Corporation to misreport its financial data.  Under the relevant accounting rules, options priced below the stock's fair market value upon award are considered compensation and must, therefore, be treated by the Corporation as an expense directly impacting earnings.  Upon information and belief, OPENWAVE did not properly expense this compensation to the Officer Defendants even though the backdated stock options at issue in this action were priced below the fair market value of the Corporation's stock at the date of grant and issuance.

31.    Further, the option backdating likely caused OPENWAVE to violate the Internal Revenue Code.  Indeed, compensation from exercised stock options issued under the backdating scheme that was previously deducted, was in fact, nondeductible under Section 162(m) of the Internal Revenue Code.  Accordingly, the Corporation will likely be required to pay additional taxes and interest associated with deductions it previously took for compensation associated with such exercised stock options.

32.    Backdating stock options also severely undermines the already grossly excessive incentives that purportedly justified the use of stock options to compensate OPENWAVE's management.  Stock option compensation is intended to encourage management to maximize the return to shareholders by aligning the interests of management with those of shareholders. In contrast, by permitting the Officer Defendants to receive stock option grants backdated to correspond to low points in the stock price, the Non-Management Director Defendants created

an absurd incentive for management to engineer dips and volatile swings in the stock price. Further, the size and terms of the grants were so excessive that they incentivized management to retire rather than work.

33.     Issuing backdated stock options is unlawful, *ultra vires* and outside the scope of legitimate and permissible business conduct.   The practice is inherently manipulative and involves a substantial likelihood that business records were intentionally falsified.   Issuing backdated stock options is, therefore, not a form of business conduct and is not protected by the business judgment rule.

## DERIVATIVE ACTION ALLEGATIONS

34.     Plaintiff brings this action derivatively on behalf and for the benefit of OPENWAVE to redress injuries suffered, and yet to be suffered, by the Corporation as a direct and proximate result of the breaches of fiduciary duty and other legal violations alleged herein. OPENWAVE is named as a nominal defendant solely in a derivative capacity.

35.     Plaintiff is a holder of OPENWAVE common stock who is prepared to adequately and fairly represent the interests of the Corporation and its shareholders in this litigation.

36.     Plaintiff presently owns OPENWAVE common shares.  Plaintiff owned common shares of OPENWAVE at the time of the injurious acts complained of herein.

37.     The wrongful acts complained of herein subject, and will persist in subjecting, the Corporation to continuing harm because the adverse consequences of the injurious actions are still in effect.

38.     The wrongful actions complained of herein were fraudulently concealed from OPENWAVE shareholders.

39.     This is not a collusive action to confer jurisdiction on a court of the United States.

## DEMAND EXCUSED ALLEGATIONS

40.     Plaintiff has made no demand on the OPENWAVE Board of Directors to institute an action in connection with the wrongs alleged herein.  Such demand would be futile and useless and is excused.

41.     The wrongful acts complained of herein were self dealing, outside the scope of the Board of Directors' authority, and served no legitimate business purpose.  Such acts were not, nor could they have been, the product of a valid or good faith exercise of business judgment.  Such acts were, moreover, unlawful and incapable of ratification.  Accordingly, the actions complained of herein are not protected by the business judgment rule, and the related requirement of pre-suit demand on the Board of Directors is therefore inapplicable and excused.

42.     The wrongful acts complained of herein were, furthermore, approved by and/or performed for the benefit of an overwhelming majority of the Board of Directors as it is presently constituted.  As members of the Board of Directors during the period of backdating, every single current Non-Management Director Defendant approved backdated stock options.  Moreover, a majority of the current Board of Directors' members either personally benefited from backdated stock options, or were members of the Compensation Committee that was directly responsible for authorizing the backdated stock options.

43.     Accordingly, a majority of the members of the Board of Directors as presently composed were either directly responsible for administering the unlawfully backdated option grants challenged in this litigation, or directly and personally benefited from the backdated grants.  There is substantial reason to doubt that the current members of the Board of Directors can and/or will pursue litigation to remedy harms resulting from their own performance of,

and/or acquiescence in, unlawful acts with no ascertainable connection to the exercise of business judgment.

44.     There is also substantial reason to doubt that the current members of the Board of Directors are sufficiently independent to prosecute this action.  The members of the Board of Directors have themselves each individually gained tremendous wealth through their own receipt and exercise of OPENWAVE stock options since at least the outset of this time period.

## CAUSE OF ACTION

### COUNT I

### AGAINST THE INDIVIDUAL DEFENDANTS FOR BREACH OF FIDUCIARY DUTY

45.     Plaintiff incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

46.     The Individual Defendants, by reason of their positions as fiduciaries of the Corporation, owed duties of due care, undivided loyalty, good faith, and truthful disclosure.  The Individual Defendants violated and breached these duties.  Each of the Officer Defendants were recipients of backdated options bearing fraudulent prices.  Each of the Non-Management Director Defendants approved, ratified or were otherwise responsible for administering and/or permitting the backdated options to be granted to the Officer Defendants.

47.     The Directors, including the Officer Defendants, the Non-Management Director Defendants and, particularly those directors who were members of the Compensation Committee during the period that the backdated options were granted, each abandoned and abdicated their fiduciary responsibilities to the Corporation.  Their conduct could not have been an exercise of good faith business judgment.  Further, those directors who were members of the Audit Committee breached their fiduciary duties to the Corporation by allowing the filing and

dissemination of false and inaccurate financial statements not prepared in accordance with GAAP.

48.     As a direct and proximate result of the Individual Defendants' breach of fiduciary duty and waste of corporate assets, the Corporation has sustained, and will continue to sustain, substantial harm.

49.     The Individual Defendants are liable to the Corporation as a result of the acts alleged herein.

## COUNT II

### AGAINST THE NON-MANAGEMENT DIRECTOR DEFENDANTS FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY

50.     Plaintiff incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

51.     By reason of their positions as fiduciaries of the Corporation, the Officer Defendants owed duties of due care, undivided loyalty, good faith, and truthful disclosure. The Officer Defendants violated and breached these duties.

52.     By virtue of their role in creating and administering the Corporation's stock option plan, and their approval and authorization of the stock options that were backdated as alleged herein, the Non-Management Director Defendants were able to, and in fact did, render aid and assistance to the Officer Defendants in their breach of fiduciary duty. The Non-Management Director Defendants did so knowing, or but for their gross negligence would have known, of the Officer Defendants' fiduciary breach.

53.     As a direct and proximate result of the Non-Management Director Defendants' aiding and abetting the Officer Defendants' breach of fiduciary duty, the Corporation has sustained, and will continue to sustain, substantial harm.

54.     The Non-Management Director Defendants are liable to the Corporation as a result of the acts alleged herein.

## COUNT III

### AGAINST THE OFFICER DEFENDANTS FOR UNJUST ENRICHMENT

55.     Plaintiff incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

56.     As a direct and proximate result of the acts alleged herein, the Officer Defendants wrongfully deprived the Corporation of substantial wealth and were unjustly enriched thereby.

57.     The Officer Defendants are liable to the Corporation as a result and should be required to disgorge their unjust gains and return them to the Corporation.

## COUNT IV

### AGAINST THE OFFICER DEFENDANTS FOR RECISSION

58.     Plaintiff incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

59.     As a result of the acts alleged herein, all stock option contracts between the Officer Defendants and OPENWAVE entered into during the relevant period were obtained through the Officer Defendants' fraud, deceit, and abuse of control.  Further, the backdated stock options and the shares underlying these options were not duly authorized by the Board, as was legally required, because they were not authorized in accordance with the terms of publicly filed contracts – including the Plan and the Officer Defendants' employment agreements – approved by OPENWAVE shareholders and filed with the SEC.

60.     All stock option contracts between the Officer Defendants and OPENWAVE entered into during the relevant period should, therefore, be rescinded, with all sums paid under

such contracts returned to the Corporation, and all such executory contracts cancelled and declared void.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff demands judgment as follows:

A.      Awarding to the Corporation money damages against all Individual Defendants, jointly and severally, for all losses and damages suffered as a result of the acts and transactions complained of herein;

B.      Awarding to the Corporation restitution from each of the Officer Defendants and ordering disgorgement of all profits, benefits, and/or other compensation obtained by the Officer Defendants as a result of the acts and transactions complained of herein;

C.      Rescission of all option contracts granted to the Officer Defendants as a result of the acts and transactions complained of herein and the cancellation, nullification, and declaration as void of any and all current or future obligations of the Corporation under all executory contracts obtained by the Officer Defendants as a result of the acts and transactions complained of herein;

D.      Formation of a constructive trust to hold all executory options contracts issued to the Officer Defendants;

E.      Awarding punitive damages against the Officer Defendants;

F.      Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

G.      Granting such other relief as the Court may deem just and proper.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury on all claims so triable.

Dated:  May 30, 2006

Respectfully submitted,

*Arthur L. Shingler*

**SCOTT + SCOTT LLC**
ARTHUR L. SHINGLER III (181719)
600 B Street, Suite 1500
San Diego, CA  92101
Tel.: 619 233-4565
Fax: 619 233-0508

**SCOTT + SCOTT, LLC**
David R. Scott
108 Norwich Avenue
P. O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:  (860) 537-4432

**SCOTT + SCOTT, LLC**
Geoffrey M. Johnson
33 River Street
Chagrin Falls, OH  44022
Telephone:  (440) 247-8200
Facsimile:  (440) 247-8275

*Counsel for Plaintiff*

## **VERIFICATION**

I, Manfred Hacker, hereby verify that I have reviewed the foregoing Verified

Shareholder Derivative Complaint and have authorized its filing and the foregoing is true

and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: May 30, 2006

Manfred Hacker

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

Manfred Hacker,
                Plaintiff,

### V.

David Peterschmidt, Donald Listwin, Joshua
Pace, Steven Peters, Al Snyder,
(See attachment for additional defendants)

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

         TO: (Name and address of defendant)

Openwave Systems, Inc.
2100 Seaport Boulevard
Redwood City, CA 94063

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Arthur L. Shingler, Esq,
SCOTT+SCOTT LLC
600 B Street, Suite 1500
San Diego, CA 92101

an answer to the complaint which is herewith served upon you, within  20  days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
 CLERK

DATE_____

_____
 (BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| Name of SERVER | TITLE |

| Check one box below to indicate appropriate method of service |
|---|

☐   Served Personally upon the Defendant. Place where served:

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____            _____
Date                                                    Signature of Server

                                                         _____
                                                         Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

## MANFRED HACKER v. OPENWAVE SYSTEMS, INC.
## SUMMONS ATTACHMENT

DAVID PETERSCHMIDT

DONALD LISTWIN

JOSHUA PACE

STEVEN PETERS

AL SNYDER

SIMON WILKINSON

KENNETH DENMAN

BO HEDFORS

GERALD HELD

MASOOD JABBAR

BERNARD PUCKETT

OPENWAVE SYSTEMS, INC.

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Manfred Hacker,<br><br> Plaintiff, <br><br>vs. | David Peterschmidt, Donald Listwin, Joshua Pace, Steven Peters, Al Snyder, Simon Wilkinson, Kenneth Denman, Bo Hedfors, Gerlad Held, Masood Jabbar, Bernard Pucker, and Nominal Defendant OpenWave Systems, Inc. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Palm Beach County, FL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

San Mateo, CA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Arthur L. Shingler, Esq.        600 B Street, Suite 1500
Scott+Scott LLC                 San Diego, CA 92101

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)
AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☒160 Stockholders Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability<br>☐196 Franchise | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault Libel & Slander<br>☐330 Federal Employers Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury Med Malpractice<br>☐365 Personal Injury Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth In Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food & Drug<br>☐625 Drug Related Seizure of Property 21 USC 881<br>☐630 Liquor Laws<br>☐640 RR & Truck<br>☐650 Airline Regs<br>☐660 Occupational Safety/Health<br>☐690 Other | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐460 Deportation<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐810 Selective Service<br>☐850 Securities/Commodities/Exchange<br>☐875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act |
| ☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | ☐441 Voting<br>☐442 Employment<br>☐443 Housing<br>☐444 Welfare<br>☐440 Other Civil Rights<br>☐445 Amer w/ disab - Empl<br>☐446 Amer w/ disab - Other<br>☐480 Consumer Credit<br>☐490 Cable/Satellite TV | ☐510 Motion to Vacate Sentence Habeas Corpus:<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights<br>☐555 Prison Condition | ☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt Relations<br>☐730 Labor/Mgmt Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl.Ret. Inc. Security Act | ☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐870 Taxes (US Plaintiff or Defendant<br>☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice<br>☐950 Constitutionality of State Statutes<br>☐890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Shareholder complaint for Breach of Fiduciary Duty, Aiding and Abetting a Breach of Fiduciary Duty, Unjust Enrichment and Recission; 28 U.S.C. 1332.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____     ☐ CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE

3/30/06

SIGNATURE OF ATTORNEY OF RECORD

*Arthur L. Shingler*

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.